TREADWELL, Assignee, &c. *against* M'KEEL and others.

Bail to the sheriff are responsible only for the principal and interest due on the bond in the original suit, and not for any matters *dehors* the condition for which the penalty is claimed as security.

THIS was a suit on a bail-bond, in which judgment was obtained. The original suit was on a bond conditioned for the payment of money.

*Riker*, for the defendants, now moved that they be discharged from this judgment, on payment of the amount of the bond in the original suit, with the costs of both suits.

[*341] 　　*Evertson*, contra, stated, that the principal defendant and one Whitney entered into an agreement for the sale and purchase of the defendants' farm, on which there was a mortgage, to secure the payment of the bond in question ; and Whitney engaged to take up that bond, and another bond against the defendant, which he did.

Treadwell v. M'Keel and others.

The principal defendant having refused to fulfil his agreement, Whitney has resorted to the court of chancery to compel a specific performance, or a return of all the money he has paid ; and has also brought the principal suit on the bond in the name of the original obligee from whom he received it, as assignee. He also stated that the bail were colluding with the principal defendant, and that one of them has taken possession of the farm, so agreed to be sold to Whitney.

On these facts, which were admitted, he contended, that the plaintiff had a right to the penalty of the bond in the original suit.

*Per Curiam.* We are of opinion that the bail to the arrest are only responsible for the principal sum and interest of the bond on which the defendant was arrested. It would be of dangerous consequence, and deter persons from becoming bail to the sheriff, to extend their responsibility further. It is settled in England, (Str. 922,) that special bail can never be made liable for more than they are bound in, let the plaintiff's demand be ever so much more ; and there is no reason that bail to the arrest should be liable for more than the plaintiff would be on becoming bail to the action. On bonds conditioned for the payment of money, the plaintiff can never recover, under the penalty, any debt or demand, however just, beyond the amount of the condition. The statute declares that on bringing the principal, interest and costs into court, it shall be deemed, in favor of the defendant, a full discharge of the bond. The equitable jurisdiction of the courts of law over the bail-bond suit, cannot *be  [*342] extended to other matters *dehors* the original suit.

The offer of the present defendants must, therefore, be received and the motion granted.

Motion granted.(<em>a</em>)

(<em>a</em>) See Graham's Practice, 2d ed. 175 ; 1 Graham's Practice, 3d ed. 565, 566. See Code of Procedure of New York, § 162, <em>et seq.</em>